# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Albert Stephen Farnsworth,**<br>Petitioner<br>-vs-<br>**Charles L. Ryan, et al.,**<br>Respondents | CV-10-0361-PHX-ROS (JRI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2254** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on February 22, 2010 (Doc. 1). On May 28, 2010, Respondents filed their Answer (Doc. 10). Petitioner filed a Reply on July 30, 2010 (Doc. 13).

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. PROCEEDINGS AT TRIAL

Petitioner was indicted in Maricopa County Superior Court on 4 counts of sexual conduct with a minor, 1 count of sexual abuse, and 1 count of kidnapping. (Exhibit A, Indictment.) (Exhibits to the Answer, Doc. 10, are referenced herein as "Exhibit ___.") Petitioner eventually entered into a written Plea Agreement (Exhibit C), and entered a plea of guilty to two counts of child molestation, and two counts of attempted sexual contact with

a minor.  On September 19, 2003, Petitioner was sentenced to consecutive sentences of 17 and 13 years in prison on the child molestation charges, and lifetime probation on each of the other two counts.

### B.  PROCEEDINGS ON DIRECT APPEAL

Petitioner did not file a direct appeal.  (Petition, Doc. 1 at 2-3.)

### C.  PROCEEDINGS ON POST-CONVICTION RELIEF

On November 26, 2008, Petitioner commenced a post conviction relief proceeding by filing his Notice of Post-Conviction Relief (Exhibit G).  This notice was designated as an "Amended" notice.  However, the state court's docket (Exhibit H) reflects no prior PCR notice or petition by Petitioner.[1]

On December 16, 2008 the PCR court dismissed the proceeding on the basis that the notice was untimely, and failed to raise any claim which qualified for late presentation. (Exhibit I, M.E. 12/16/08.)

Petitioner filed a Petition for Review (Petitioner's Exhibit 3), which was summarily denied on February 8, 2010. (Petitioner's Exhibit 4, Order 2/08/10.)

### E.  PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on February 22, 2010 (Doc. 1).  Petitioner raises two grounds for relief. In Ground I, he alleges violations of the due process, double jeopardy, and equal protection provisions of the Fifth and Fourteenth Amendments. In Ground II, Petitioner alleges violations of his Sixth Amendment rights to trial by jury, confrontation, protection against illegally enhanced sentences, and assistance of counsel. He

---

[1] The Superior Court's docket does reflect notices of PCR being filed on March 4, 2004 and September 8, 2005, but attributes those to Petitioner's co-defendant, "Defendant (3)."  Petitioner's Petition and Reply do not assert an earlier filing.

also asserts a due process violation.

Petitioner argues any untimeliness should not bar his claims because he did not intentionally waive his right to file a habeas petition, his rights to habeas review cannot be suspended, and he had no notice of the habeas statute of limitations.

**Answer** - On May 28, 2010, Respondents filed their Amended Answer (Doc. 10). Respondents argue that the Petition is untimely, and Petitioner's claims are either procedurally defaulted or procedurally barred.

**Reply** - On July 30, 2010, Petitioner filed a Reply (Doc. 13). Petitioner argues he is not subject to the statute of limitations because: (1) he was not provided notice of the statute of limitations; (2) his claims assert a lack of subject matter jurisdiction; (3) the AEDPA's statute of limitations cannot apply to him because he is neither a terrorist nor under a death penalty; (4) the AEDPA is an unconstitutional suspension of the writ of habeas corpus; and (5) the State cannot rely on the limitations period because it did not appeal his "illegal" sentence. (Reply, Doc. 14 at 8-14.)  In addition, Petitioner argues his claims are not procedurally defaulted or procedurally barred.

## III. APPLICATION OF LAW TO FACTS

**A.  TIMELINESS**

**1.  One Year Limitations Period**

Respondents assert that Petitioner's Petition is untimely.  As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts. 28 U.S.C. § 2244(d).  Petitions filed beyond the one year limitations period are barred and must be dismissed. *Id.*

**Subject Matter Jurisdiction Claims** - Petitioner argues that the statute of limitations does not apply to him because his claims amount to a claim of a lack of subject matter jurisdiction.  It is true that a claim of a lack of subject matter jurisdiction can generally be

- 3 -

asserted at any time during the pendency of a matter. *See e.g.* Wright & Miller, *Fed. Pract. & Proc.* § 1393. Here, however, Petitioner's criminal case is no longer pending, and this collateral habeas proceeding is not part of that prosecution. Petitioner cites no authority extending the proposition to collateral proceedings, nor to using it to avoid limitations bar to those collateral proceedings. The undersigned knows of none.

Moreover, Petitioner's only basis for asserting a lack of subject matter jurisdiction is the imposition of what he concludes is an "illegal" sentence. Assuming Petitioner's sentence were illegal, that would not strip the state court of subject matter jurisdiction over the underlying prosecution. By Petitioner's reasoning, any error in a proceeding would strip the court of jurisdiction.

**Terrorism/Death Penalty** - Petitioner argues the AEDPA's statute of limitations cannot apply to him because he is neither a terrorist nor under a death penalty. "[T]he title of a statute ... cannot limit the plain meaning of the text. For interpretive purposes, [it is] of use only when [it] shed[s] light on some ambiguous word or phrase." *Trainmen v. Baltimore & Ohio R. Co.*, 331 U.S. 519, 528-529 (1947). Nothing in the text of § 2244(d)(1) limits the application of the statute of limitations to terrorism or death penalty cases. Petitioner points to no ambiguity in the text of the statute which would require resort to the title of the enabling legislation for clarification.

**Suspension of the Writ** - Petitioner argues the statute of limitations is an unconstitutional suspension of the writ of habeas corpus. The Ninth Circuit long ago rejected the claim that AEDPA's one-year statute of limitations violates the Suspension Clause. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir.2003). "[T]he one-year limitations period is just that: a limitation, not a suspension." *Id.*

**Waiver** - Petitioner argues that he did not make a knowing and intelligent waiver of his right to file a habeas petition. (Petition, Doc. 1 at 11.) The statute of limitations does not require a waiver, but operates by the passage of time.

//

//

- 4 -

**2.  Commencement of Limitations Period**

The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2] Petitioner did not file a direct appeal.

However, "Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)." *Summers v. Schriro,* 481 F.3d 710, 717 (9th Cir. 2007).  "To bring an of-right proceeding under Rule 32, a plea-convicted defendant must provide to the Arizona Superior Court, within 90 days of conviction and sentencing in that court, notice of his or her intent to file a Petition for Post-Conviction Review." *Id.* at 715 (citing Ariz. R.Crim. P. 32.4(a)).

Petitioner was a pleading defendant, and thus entitled to file a PCR proceeding of-right.  Because he was sentenced on September 19, 2003, he had until December 18, 2003 to file his PCR of-right.  Petitioner did not file such a PCR petition within that time limit.  He filed nothing until his PCR notice on November 26, 2008 (Exhibit H, Trial Court Docket), which was almost five years too late.  Thus, Petitioner's conviction became final on December 18, 2003 on the expiration of his time to file a PCR notice.

Thus, barring any tolling, Petitioner's one year began to run after December 18, 2003 and would have expired on December 18, 2004.

**3.  Statutory Tolling**

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

---

[2]  While the finality of the conviction is the normal commencement date for the habeas limitations period, the statute does provide various exceptions, including newly recognized claims and newly discovered factual predicates, *see* 28 U.S.C. § 2244(d)(1), Petitioner does not assert any of these apply.  It does not appear to the undersigned that these have any application.

Petitioner commenced his PCR proceeding by filing his PCR Notice on November 26, 2008 (Exhibit G). The PCR court denied that petition as untimely. (Exhibit I, M.E. 12/16/08.) Only "properly filed" post-conviction applications count. In *Pace v. DiGuglielmo,* 544 U.S. 408 (2005), the Supreme Court made clear that a petition which is rejected on timeliness grounds is not "properly filed." Accordingly, the rejection of Petitioner's PCR proceeding on timeliness grounds precludes this Court from applying statutory tolling on the basis of its pendency.

Moreover, Petitioner's one year had expired long before commencement of the PCR proceeding in November 2008. Once the habeas statute has run, a subsequent post-conviction or collateral relief filing does not reset the running of the one year statute. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

Accordingly, Petitioner is not entitled to any statutory tolling.

### 4.  **Timeliness of Federal Habeas Petition**

Petitioner's Petition (Doc. 1) was filed February 22, 2010, well after the expiration of the limitations period on December 18, 2004. Accordingly, barring any equitable tolling the Petition was untimely and must be dismissed.

### 5.  **Equitable Tolling**

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

> To receive equitable tolling, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances ma[de] it impossible to file a petition on time.

*Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009) (internal citations and quotations

- 6 -

omitted).  "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.' " *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002)  (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.).

Petitioner asserts no circumstances prior to his filings in this Court to establish equitable tolling.

Petitioner does complain that he had no notice of the AEDPA's statute of limitations. However, "it is well established that ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir.2000) (quotation marks and citation omitted) (as cited in *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006)).  In *Whalem/Hunt v. Early,* 233 F.3d 1146, 1148 (9th Cir.2000) (*en banc*) (*per curiam*), the Ninth Circuit observed that lack of access to the federal habeas statute of limitations, as opposed to knowledge of it, might be cause for equitable tolling, *e.g.* where the statute of limitations was not available in the prison's library. However, Petitioner does not suggest that the statute was not available, just that it was not brought to his attention. That is not sufficient to justify equitable tolling.

**6.  Summary**

Petitioner's conviction became final on December 18, 2003, upon expiration of his time to file a PCR proceeding of-right.  The one year expired on January December 18, 2004, and Petitioner's untimely PCR proceedings were not "properly filed" so as to toll the running of the statute.  Petitioner's Petition, filed in February, 2010 was over five years delinquent. Petitioner has not shown extraordinary circumstances which precluded him from timely filing, and thus is not entitled to any equitable tolling.  Accordingly, the Petition must be dismissed with prejudice as untimely.

**B.  PROCEDURAL DEFAULT/PROCEDURAL BAR**

Respondents argue Petitioner's claims are also procedurally defaulted or procedurally barred.  Because the undersigned concludes that the Petition is plainly time barred, these

issues are not reached.

## IV.  CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment.  The recommendations if accepted will result in Petitioner's Petition being  resolved adversely to Petitioner.  Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds.  To the extent that Petitioner's claims are rejected on procedural grounds, under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district

- 8 -

court was correct in its procedural ruling." Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed February 22, 2010 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that to the extent the reasoning of this Report & Recommendation is adopted, that a certificate of appealability **BE DENIED**.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to *Local Civil Rule 7.2(e)(3)*, unless otherwise permitted by the Court, an objection to a Report and Recommendation shall not exceed ten (10) pages. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

DATED: May 18, 2011

_____
JAY R. IRWIN
United States Magistrate Judge