IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Albert Stephen Farnsworth, | ) | No. CV-10-361-PHX-ROS (JRI) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Charles L. Ryan, et. al.,, | ) | |
| Respondents. | ) | |

Pending before the Court is Magistrate Judge Irwin's Report and Recommendation ("R&R"). (Doc. 14). The R&R recommends the Petition for Writ of Habeas Corpus (the "Petition") (Doc. 1) be dismissed with prejudice. Petitioner filed objections to the R&R. (Doc. 15). For the reasons below, the Court will adopt the R&R.

**BACKGROUND**

Petitioner was indicted in Maricopa County Superior Court on four counts of sexual conduct with a minor, one count of sexual abuse, and one count of kidnapping. (Doc. 10, Ex. A). Petitioner plead guilty to two counts of child molestation and two counts of attempted sexual conduct with a minor. On September 19, 2003, Petitioner was sentenced. Petitioner did not file a direct appeal.

On November 26, 2008, Petitioner filed a Notice of Post-Conviction Relief (Doc. 10,

Ex. G).[1] On December 16, 2008, the Notice of Post-Conviction Relief was dismissed because it was untimely and failed to raise a claim qualifying for late presentation. (Doc. 10, Ex. I). Petitioner's Petition for Review was summarily denied. (Doc. 1, Ex. 4).

On February 22, 2010, Petitioner filed the pending Petition. (Doc. 1). Petitioner alleges violations of the due process, double jeopardy, and equal protection provisions of the Fifth and Fourteenth Amendments. Petitioner also alleges a due process violation and violations of his Sixth Amendment right to a jury trial, confrontation, protection against illegally enhanced sentences, and assistance of counsel. Petitioner argues his claims should not be barred as untimely because he never intentionally waived his right to file a habeas petition, his rights to habeas review cannot be suspended, and he had no notice of the habeas statute of limitations.

On May 28, 2010, Respondents filed an Answer (Doc. 10), arguing the Petition is untimely and Petitioner's claims are procedurally defaulted or barred. On July 30, 2010, Petitioner filed a Reply, arguing: he is not subject to the statute of limitations because he was not given notice of the statute of limitations; the court lacked subject matter jurisdiction; the AEDPA's[2] statute of limitations cannot apply because he is not a terrorist and not subject to the death penalty; the AEDPA is an unconstitutional suspension of the writ of habeas corpus; and the State cannot rely on the limitations period because it did not appeal his "illegal" sentence. (Doc. 13).

**ANALYSIS**

**A.     Standard of Review**

A district court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). A court

---

[1] Petitioner titled his Notice of Post-Conviction Relief an "Amended Notice," but Petitioner did not file a prior notice or petition.

[2] Antiterrorism and Effective Death Penalty Act of 1996.

need review only those portions objected to by a party, meaning a court can adopt without further review all unobjected to portions. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**B.     The R&R is Adopted in Full**

   **1.     Timeliness**

The Petition is untimely because it was filed in February 2010, over five years after the statute of limitations expired on December 18, 2004. The AEDPA has a one-year statute of limitations for applications for writ of habeas corpus filed under 28 U.S.C. § 2254 challenging convictions and sentences from state court. 28 U.S.C. § 2254(d). Petitions filed after the statute of limitations are barred and must be dismissed. *Id.*

The statute of limitations begins on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner did not file a direct appeal. "Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)." *Summers v. Schriro*, 481 F.3d 710, 7171 (9th Cir. 2007). "To bring an of-right proceeding under Rule 32, a plea-convicted defendant must provide to the Arizona Superior Court, within 90 days of conviction and sentencing in that court, notice of his or her intent to file a Petition for Post-Conviction Review." *Id.* at 715 (citing Ariz. R. Crim. P. 32.4(a)).

Petitioner was a plea-convicted defendant. He was sentenced September 19, 2003. Thus, he had until December 18, 2003 to file his Post-Conviction Relief of-right. Petitioner's conviction became final on December 18, 2003. Therefore, absent any tolling, Petitioner's one year began to run December 18, 2003 and expired December 18, 2004. Petitioner did not file for Post-Conviction Relief until November 26, 2008. (Doc. 10, Ex. H), nearly five years late.

   **a.     Statutory Tolling**

The AEDPA allows for tolling the statute of limitations when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent

judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, once the habeas statute has run, a post-conviction or collateral relief filing does not reset the statute of limitations. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Petitioner's one year statute of limitations had long expired before Petitioner filed for Post-Conviction Relief in November 2008.[3] The Petition was not filed until February 22, 2010, well after the statute of limitations expired on December 18, 2004.

### b. Equitable Tolling

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003). To establish equitable tolling, Petitioner must show (1) he has been diligently pursuing his rights, and (2) "some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances ma[de] it impossible to file a petition on time." *Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009) (internal quotations omitted). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high . . . ." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation omitted).

Petitioner has not established grounds for equitable tolling. Petitioner states he had no notice of the AEDPA's statute of limitations. But "it is well established that ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (cited with approval by *Raspberry v. Garcia*, 448 F.3d 1150, 1154) (9th Cir. 2006)).

### 2. Petitioner's Challenges to the AEDPA Statute of Limitations

---

[3] Further, only "properly filed" post-conviction applications may toll the statute of limitations. An untimely petition is not "properly filed." *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). As such, Petitioner's untimely application for post-conviction relief did not toll the statute of limitations.

- 4 -

### a. Subject Matter Jurisdiction

Petitioner argues his claims assert a lack of subject matter jurisdiction, and therefore the statute of limitations does not apply. While a claim for lack of subject matter jurisdiction can generally be asserted at any time while a matter is pending, Petitioner's criminal case is no longer pending and there is no authority extending this principal to collateral proceedings.[4]

### b. AEDPA Name

Petitioner argues the AEDPA statute of limitations does not apply to him because he is not a terrorist or subject to the death penalty. The title of a statute does not limit the plain meaning of the text. *E.g., Trainmen v. Baltimore & Ohio R. Co.*, 331 U.S. 519, 528-29 (1947). The text of the AEDPA does not limit the statute of limitations to terrorism or death penalty cases.

### c. Suspension Clause

Petitioner argues the statute of limitations is an unconstitutional suspension of the writ of habeas corpus. The Ninth Circuit has rejected this argument. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[T]he one-year limitations period is just that: a limitation, not a suspension.").

### d. Lack of Waiver

Petitioner argues he did not knowingly, intelligently and voluntarily waive his right to file a habeas petition. The statute of limitations does not require a waiver.

### 3. Procedural Default/Bar

Because the Court will dismiss the Petition on other grounds, the Court does not reach Respondent's argument that Petitioner's claims are procedurally defaulted.

Accordingly,

**IT IS ORDERED** the Report and Recommendation **(Doc. 14)** is **ADOPTED IN**

---

[4] Further, Petitioner alleges lack of subject matter jurisdiction because the sentence was "illegal." That would not strip the state court of subject matter jurisdiction in the prosecution.

1 | **FULL**. The petition (**Doc. 1**) is **DENIED** and **DISMISSED WITH PREJUDICE**.

2 | **IT IS ORDERED** a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal is denied because the denial of the motion is justified by a plain procedural bar and jurists of reason would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

DATED this 23rd day of November, 2011.

_____
Roslyn O. Silver
Chief United States District Judge